Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3395

DARLENE COLEMAN,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Major Daniel Minahan, Minahan and Shapiro, P.C., of Lakewood, Colorado, for petitioner.

Erin Bree Wirtanen, Major, Air Force Legal Services Agency, Civil Litigation Directorate, General Litigation Division, United States Air Force, of Arlington, Virginia, for respondent.  Of counsel was Leslie Cayer Ohta, Attorney, United States Department of Justice, of Washington, DC.   Of Counsel was Major Arthur G. Kirkpatrick.

Appealed from:  Arbitrator Decision

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3395

DARLENE COLEMAN,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: June 8, 2007

_____

Before BRYSON, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Darlene Coleman appeals from the decision of arbitrator Craig L. Williams. That decision concluded, in relevant part, that Ms. Coleman had not established that her whistleblowing activities were a contributing factor in the suspension imposed by the Air Force ("Agency"). Because the arbitrator's decision is supported by substantial evidence and not contrary to law, we <u>affirm</u>.

## I. BACKGROUND

Ms. Coleman has been employed by the Transportation Management Office at Robins Air Force Base for over twenty years. Her job responsibilities include arranging

for employees at the base to ship their household goods when they are reassigned to another Air Force installation. Commercial carriers are selected using a computer system to carry out the moves. The system uses both ratings and a rotation to ensure that commercial carriers are awarded contracts on an equitable basis. This appeal results from Ms. Coleman's improper booking of six moves to one company—Ciceros Moving and Storage ("Ciceros")—out of turn.

The improper bookings occurred between December 14, 2004 and January 7, 2005. These moves were brought to the attention of Ms. Donna Ellis, Ms. Coleman's supervisor, on January 28, 2005 by Sgt. William Weathersby. Sgt. Weathersby had been contacted by several commercial carriers who complained that they had been passed over for moving contracts. The arbitrator found that it was Sgt. Weathersby who asked Ms. Coleman to pass over the other commercial carriers and favor Ciceros. Sgt. Weathersby is not Ms. Coleman's supervisor. An investigation into the matter ensued.

On February 18, 2005, Ms. Coleman reported to the Base Commander's action line that Sgt. Weathersby had been misusing a government owned vehicle. Shortly thereafter, on February 22, 2005, an anonymous complaint was made to the Base Commander's action line alleging that Ms. Coleman was improperly distributing business. Ms. Ellis proposed a thirty day suspension for "failure to follow procedures." That suspension was handed down by the deciding official, Mr. Glenn Parden, on July 6, 2005.

Ms. Coleman invoked the grievance procedures under her collective bargaining agreement and her grievance was heard before an arbitrator. During arbitration, Ms. Coleman admitted that she improperly booked six moves to Ciceros contrary to

procedure. She raised two defenses: that Sgt. Weathersby had instructed her to book the moves and that the suspension was in reprisal for protected disclosures under the Whistleblower Protection Act. The arbitrator concluded that both defenses lacked merit. Ms. Coleman filed a timely appeal to this court. We have jurisdiction under 5 U.S.C. §§ 7121(f), 7703.

## II. DISCUSSION

This court reviews an appeal from an arbitrator's decision under the same standard of review as that governing appeals from the Merit Systems Protection Board. 5 U.S.C. § 7121(f); Cornelius v. Nutt, 472 U.S. 648, 661 n.16 (1985); Grigsby v. U.S. Dep't of Commerce, 729 F.2d 772, 774 (Fed. Cir. 1984). We can only set aside a decision of the arbitrator if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994) (quoting 5 U.S.C. § 7703(c)). Ms. Coleman challenges the arbitrator's decision as not supported by substantial evidence and as being contrary to law.

Ms. Coleman claims that the arbitrator failed to properly weigh the evidence on the issue of whether her protected disclosures were a contributing factor in her suspension. Ms. Coleman also claims that the agency failed to meet its burden of showing that "it would have taken the same personnel action in the absence" of her disclosure. 5 U.S.C. § 1221(e)(2).

The agency contends that the arbitrator's decision on Ms. Coleman's whistleblower claim is supported by substantial evidence and is not contrary to law.

Even if Ms. Coleman has established that her protected activities were a contributing factor in her suspension, according to the agency, it has established that it would have suspended her absent her protected disclosures. Because we conclude that Ms. Coleman did not establish that her protected disclosures were a contributing factor in her suspension, we need not decide whether the agency has proven that it would have suspended Ms. Coleman absent her disclosures.

We have held, in accordance with 5 U.S.C. § 1221(e)(1), that "[(1)] circumstantial evidence of knowledge of the protected disclosure and [(2)] a reasonable relationship between the time of the protected disclosure and the time of the personnel action will establish, prima facie, that the disclosure was a contributing factor to the personnel action." Horton v. Dep't of the Navy, 66 F.3d 279, 284 (Fed. Cir. 1995). Ms. Coleman contends that a prima facie case of whistleblower reprisal has been made here.

Regarding the first element set forth in Horton, Ms. Coleman contends that Ms. Ellis's testimony that "it was commonly assumed" that Ms. Coleman reported Sgt. Weathersby's unauthorized use of a government vehicle is enough circumstantial evidence to show that Mr. Parden, the deciding official, knew of her protected disclosure. A "common assumption" that Ms. Coleman had reported Sgt. Weathersby's unauthorized use of a government vehicle—without more—was found by the arbitrator to be insufficient evidence that the deciding official knew of the protected disclosure.

Ms. Coleman also contends that the short time between her protected disclosure (February 18, 2005) and Ms. Ellis's proposed suspension (April 7, 2005) is further evidence that her disclosure contributed to her suspension. The record, however, shows that Ms. Coleman was being investigated for the improper bookings prior to her

protected disclosure. We cannot say on this record that the arbitrator's decision is unsupported by substantial evidence or contrary to law.

We have considered, but reject the remainder of Ms. Coleman's arguments. Because the arbitrator's decision is supported by substantial evidence and in accordance with the law, we affirm.

No costs.